R. B. Cowden and Wife, Barbara Cowden v. Commissioner.
Cowden v. Commissioner
Docket No. 53294.
United States Tax Court
T.C. Memo 1955-128; 1955 Tax Ct. Memo LEXIS 210; 14 T.C.M. (CCH) 475; T.C.M. (RIA) 55128; 4 Oil & Gas Rep. 1073; May 20, 1955
*210 Harry C. Weeks, Esq., Fort Worth National Bank Building, Fort Worth, Tex., and Frank B. Appleman, Esq., for the petitioners. Daniel A. Taylor, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency in income taxes of the petitioners for 1951 in the amount of $48,494.77. The only issue for decision is whether the proceeds from the sale of an oil payment was a long-term capital gain as reported by the parties or was ordinary income as determined by the Commissioner. The facts in the case have been submitted on a stipulation of facts which has been adopted as the findings of fact. The petitioners, husband and wife, filed a joint income tax return for 1951 with the collector of internal revenue for the second district of Texas. They resided in Midland, Texas. The petitioners for a number of years prior to 1946 owned land in Ector County, Texas, which they held for investment and productive use in their trade or business and not primarily for sale to customers. They executed an oil and gas lease to Humble Oil and Refining Company covering this land on October 15, 1946. They were to receive certain oil royalties *211 from the lease and in addition reserved one-eighth of the oil, gas and other minerals that might be produced and saved from the land as, when and if produced, until the value of the one-eighth should equal $480,000. They actually owned only 442/640ths of the reserved one-eighth interest. They kept separate records of the receipts attributable to each interest reserved by them in the oil and gas lease. The payments which they had received attributable to the one-eighth interest up to 7 A.M. on July 1, 1951, reduced the amount that they were entitled to receive thereafter to $152,300. The petitioners sold and completely disposed of their entire interest in the oil payment on or about June 29, 1951, for $129,455, the conveyance to be effective as of 7 A.M. on July 1, 1951. A division order reflecting this change of ownership was executed by the appropriate parties. The assignees of the oil payment interest received payments thereon in 1951, 1952 and 1953, and it was estimated that the oil payment interest would be paid out late in 1954 or early in 1955. The petitioners in their income tax return for 1951 reported the profit from the sale of this oil payment interest as a long-term *212 capital gain. The Commissioner in determining the deficiency held that the amount received represented ordinary income subject to a depletion allowance. The question here represented is decided in favor of the petitioners upon authority of John David Hawn, 23 T.C. - (12/23/54); ; ; and , from which this case is not distinguishable in principle. Decision will be entered under Rule 50.